UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IYIBI OMIE-ABBEY,
an individual,

       Plaintiff,

v

JBS PLAINWELL, INC. ,
a foreign profit corporation,

       Defendant.

Hon. _____

Case No.  _21-cv-_____

WILLIAM F. PIPER, PLC
William F. Piper (P38636)
Attorney for Plaintiff
1611 W. Centre Avenue,  Suite 209
Portage, MI 49024
(269) 321-5008
wpiper@wpiperlaw.com

## COMPLAINT

The plaintiff, by and through his attorney William F. Piper, PLC, for his complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1.     The plaintiff is a naturalized American citizen of Nigerian descent who has dark skin who was formerly employed by the defendant in the County of Allegan, State of Michigan, but who now resides in the state of Texas.

1

2. The defendant, JBS Plainwell (JBS), is a corporation that did business in the County of Allegan, State of Michigan at all times relevant to this complaint.

3. This lawsuit involves the defendant's employment of the plaintiff and its termination of that employment by it on November 18, 2020.

4. Jurisdiction arises under 28 U.S.C. §1331 and 28 U.S.C. § 1332.

5. This action involves damages to the plaintiff that exceed $75,000.00.

6. This claim involves supplemental claims arising out of the same facts and occurrences as the federal law claims.

## COMMON ALLEGATIONS

7. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-6 of this Complaint.

8. The plaintiff obtained a degree in chemical engineering in 2015 from the University of Houston.

9. On July 20, 2015 the defendant's predecessor hired the plaintiff to work for it in a plant in Iowa.

10. In November 2016 the defendant hired the plaintiff to work for it in its plant in Plainwell to be its plant engineer.

11. At all times that he worked for the defendant the plaintiff did a good job for it.  .

12. In October 2019 the defendant hired a new general manager for the defendant's Plainwell plant.

13. In April 2020 the defendant demoted a superintendent that had reported to him, and it did not replace him, which made the plaintiff's job more difficult.

14. The new general manager did not like the plaintiff because of his race, and he constantly looked for reasons to criticize and discipline him, and to terminate his employment.

15. The plaintiff performed better than plant engineers in the other five plants managed by the manager who supervised the plant manager of the defendant's Plainwell plant.

16. The plaintiff was the only African-American engineer of the plant engineers referenced in paragraph 15 above.

17. The defendant also paid the plaintiff less than the other plant engineers referenced above.

18. The defendant then gave the plaintiff a formal written warning for acting in accordance with a practice at the other plants in the aforementioned area and at the plant in question.

19. The defendant suspended the plaintiff on November 16, 2020, and it terminated his employment as a result of his general manager's demand on November 18, 2020 for alleged performance issues, but the reasons given were a pretext.

20. The defendant then replaced the plaintiff with a white man.

21. As a result of the discipline and termination set forth above, the plaintiff suffered and will continue to suffer a loss of income and benefits, a loss of a bonus, emotional distress, a loss of enjoyment of life, and other damages.

## **COUNT I – RACE DISCRIMINATION**

22. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-21 of this Complaint.

23. The defendant terminated the employment of the plaintiff by it because of his race.

24. As a result of the defendant's wrongful termination of his employment, the plaintiff has suffered and will continue to suffer the damages set forth herein.

25.     This claim is actionable under 42 U.S.C. §1981, 42 U.S.C. §1981 a, and the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*.

WHEREFORE, the plaintiff requests a judgment against the defendant that would include equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for his loss of income past and future, punitive damages, compensation for all of his non economic damages past and future, attorney's fees under 42 U.S.C. §1988 and under the ELCRA, and all costs, interest and any other relief this Court deems fair and just.

Dated: February 9, 2021                          WILLIAM F. PIPER, PLC.
                                                 Attorney for Plaintiff


                                    By:     /s/ William F. Piper
                                            William F. Piper (P38636)
                                 BUSINESS ADDRESS:
                                            1611 W. Centre Avenue, Suite 209
                                            Portage, MI 49024
                                            (269) 321-5008

4